IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BLANCA ALICEA,<br><br>**Plaintiff,**<br><br>v.<br><br>ROBERT WILKIE, Secretary Department of Veterans Affairs<br><br>**Defendant.** | **CIVIL NO.** 17-2298 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiff's *Motion to Reconsider*. (Docket No. 79). Plaintiff requests that the Court reconsider its Opinion and Order granting Defendant's *Motion for Summary Judgment* and the ensuing *Judgment* dismissing all of Plaintiff's claims. (Docket Nos. 77 and 78, respectively). For the reasons stated below, the Court **DENIES** Plaintiff's *Motion to Reconsider*.

## I.   FACTUAL BACKGROUND

Plaintiff Blanca Alicea ("Alicea" or "Plaintiff") sued David J. Shulkin, M.D., the Secretary of the United States Department of Veterans Affairs, and the United States Department of Justice for unlawful employment practices that allegedly occurred during her employment at the Veteran Affairs Caribbean Health Center (the "VA") (Docket Nos. 1, 13, 23). Plaintiff claimed that Defendants:

Case 3:17-cv-02298-RAM   Document 80   Filed 05/07/20   Page 2 of 6

Civil No. 17-2298 (RAM)                                                    2

(1) violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et. seq*; (2) engaged in unlawful workplace retaliation; (3) violated Equal Employment Opportunity ("EEO") waiver requirements under 29 U.S.C. § 626(f); (4) interfered with her federal statutory employment rights as prohibited by 29 U.S.C. § 626(f)(4) and/or 42 U.S.C. § 1983 by attempting to "unlawfully coerce plaintiff into withdrawing an EEO discrimination complaint under threat of termination;" and (5) tampered and retaliated against witnesses in connection with an administrative proceeding (Docket Nos. 3 ¶¶ 14-22; 21 ¶¶ 27-34).

Defendant denied these allegations (Docket Nos. 13 and 23) and in September 2019, filed a *Motion for Summary Judgment*. (Docket No. 50). On March 31, 2020, this Court granted Defendant's *Motion for Summary Judgment*. (Docket No. 77). The Court also issued a *Judgment* dismissing all of Plaintiff's claims. (Docket No. 78).

Plaintiff filed a *Motion to Reconsider* on April 22, 2020. (Docket No. 79). In said *Motion*, Plaintiff exclusively takes issue with the dismissal of her retaliation claim. Id.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for the filing of motions for reconsideration. Consequently, a motion which asks "the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402

F.3d 1, 7 (1st Cir. 2005); *see also* United States v. Pérez-Greaux, 382 F.Supp.3d 177, 178 (D.P.R. 2019). According to the First Circuit, reconsideration is **"an extraordinary remedy which should be used sparingly."** U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted) (emphasis added). Thus, a district court may grant reconsideration **only** if there is a "manifest error of law, [...] newly discovered evidence, or in certain other narrow situations [such as a change in controlling law]." United States v. Peña-Fernández, 394 F.Supp.3d 205, 207 (D.P.R. 2019) (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)).

Indeed, "[w]hen the motion **simply regurgitates contentions that were previously made and rejected, the movant has no legal basis to insist upon reconsideration**." Liu v. Mukasey, 553 F.3d 37, 39 (1st Cir. 2009); *see also* Santa Cruz-Bacardi v. Metro Pavia Hospital, Inc., 2019 WL 4453620, at * 2 (D.P.R. 2019) (quotation omitted) (emphasis added) ("A motion for reconsideration "**is unavailable if said request simply brings forth a point of disagreement between the court and the litigant.**") Further, it may not be brought by a losing party to "raise legal theories that should have been raised earlier." Teamcare Infusion Orlando, Inc. v. Humana Health Plans of Puerto Rico, 2018 WL 9412924, at *6 (D.P.R. 2018) (citation omitted). Hence, a reconsideration does "not provide a vehicle for a party to undo its own procedural

failures." Peña-Fernández, 394 F.Supp.3d at 207 (quotation omitted).

## III. ANALYSIS

In her *Motion to Reconsider*, Alicea argues that the Court failed to adequately consider that the VA was aware of her ADEA protected activity at the time of her termination. (Docket No. 79 at 6-7). Plaintiff posits that the VA's proffered Last Chance Agreement ("LCA"), which included as a request that she withdraw her EEOC Charge, is evidence that she: (1) would not have been terminated if she had waived her claims; and (2) was therefore unlawfully retaliated against. Id. at 2.

Contrary to Plaintiff's contention, the Court **did** address the fact that the VA was aware that Plaintiff had engaged in protected activity at the time of her termination. (Docket No. 77 at 30-31). However, in light of the evidence on record, the Court expressly found that this knowledge was insufficient to establish the causation necessary for a retaliation claim. Id. Specifically, this Court held:

> The First Circuit held that while contacting the EEOC or filing a complaint "cannot be the basis for adverse employment action but it also cannot immunize an employee from action already planned and not dependant [sic] on the complaint." [Sabinson v. Trustees of Dartmouth Coll., 542 F.3d 1, 5 (1st Cir. 2008)]. It is uncontroverted that the VA was aware of Plaintiff's age discrimination claim pending before both the EEOC and this Court at the time of her dismissal. **However, said knowledge**

> **is insufficient to take a retaliation case to the jury.** See Mesnick, 950 F.2d at 828. "Were the rule otherwise, then a disgruntled employee, no matter how poor [their] performance […], could effectively inhibit a well-deserved discharge by merely filing, or threatening to file, a discrimination complaint." Id. See also Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 272 (2001) (per curiam) ("Employers need not suspend previously planned [actions] upon discovering that a [discrimination] suit has been filed, and their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality").

Id. at 31. Plaintiff has not cited any case law to the contrary in her *Motion to Reconsider*. Furthermore, the Court noted that, in other pleadings, Plaintiff herself provided additional reasons for why she was terminated from her employment that were completely unrelated to having engaged in protected activity. Id. at 31-32. Lastly, Plaintiff's claim that the LCA's request that she waive her EEOC Charge is inherently indicative of retaliation is equally unsupported by evidence on record. See L. CV. R. 7(a).

Consequently, the *Motion to Reconsider* is unavailing because Plaintiff fails to show a manifest error of law, newly discovered evidence or any other circumstance which would warrant reconsideration of the Court's Opinion and Order. See Peña-Fernández, 394 F.Supp.3d at 207. Having already addressed Plaintiff's arguments in the Opinion and Order granting summary judgment (Docket No. 77), the Court finds no reason for

reconsideration.

### IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's *Motion to Reconsider* at Docket No. 79.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 7th day of May 2020.

S/ RAÚL M. ARIAS-MARXUACH  
United States District Judge